CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

SOPHIA COOPER (CABN 320373)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6473
    FAX: (415) 436-7234
    Sophia.cooper@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, </br></br>    Plaintiff,</br></br>  v.</br></br>JOSE ERAZO,</br></br>    Defendant. | CASE NO. 3:24-CR-00322-TLT</br></br>**UNITED STATES' SENTENCING MEMORANDUM**</br></br>Court: Hon. Trina L. Thompson</br>Hearing Date: November 7, 2025</br>Hearing Time: 10:00 a.m. |

## I.  INTRODUCTION

Jose Erazo appears before this court for sentencing having pleaded guilty to three felonies—Possession with Intent to Distribute 40 Grams and More of a Mixture and Substance Containing Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi); Possession with Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); and Illegal Reentry Following Removal, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).  Based on the nature of the offense and the defendant's history, the government requests that the Court sentence the defendant to 144 months' imprisonment, to be followed by 5 years supervised release—a custodial term within the sentencing range contemplated by the parties' Rule 11(c)(1)(C) plea agreement.

## II.  OFFENSE CONDUCT

  This is a case about drug trafficking. On May 23, 2024, Jose Erazo and his brother, Jonathan Erazo, were arrested by San Francisco Police Department (SFPD) officers. Jose was found with narcotics, currency, cell phones, and plastic baggies. The pair were arrested at a parking garage on Bush Street. SFPD had, two weeks earlier, obtained a tracker warrant for the car the brothers were arrested in and followed it to the garage on Bush Street.

  Jose was found with 27.81 net grams of fentanyl, 144.61 net grams of heroin, 27.86 net grams of methamphetamine, and 5.70 net grams of cocaine base (in addition to the currency, cellphones, and plastic baggies). Jose admitted that he possessed these narcotics with the intent to distribute them to other persons. *See* Plea Agreement at ¶ 2. A subsequent search of two apartments linked to Jose (his shared residence and a stash house, both in Oakland) uncovered an astonishing amount of narcotics. SFPD found 2035.76 net grams of fentanyl and 1757 net grams of pure methamphetamine at the stash house, and 110.98 net grams of fentanyl and 213 net grams of heroin at Jose's residence. Officers also found large quantities of cutting agents, acetone, packing materials, and an industrial press, in addition to $6,943.00 of U.S. currency, six cell phones, and passports. Jose admitted that he possessed these narcotics with the intent to distribute them to other persons, and that the currency was proceeds from drug sales. *See* Plea Agreement at ¶ 2.

  Jose had also been previously removed from the United States on or about November 30, 2017. He later reentered the United States on or about April 16, 2018, and was convicted of 8 U.S.C. §§ 1326. He was sentenced to 366 days' imprisonment with three years' supervised release and was subsequently deported on June 20, 2018. Sometime after that, Jose knowingly and voluntarily illegally reentered the country before he was arrested by SFPD on May 23, 2024. *See* PSR at ¶ 12.

### III. PROCEDURAL HISTORY

  The government filed a two-count Indictment against Jonathan and Jose Erazo on June 11, 2024. Dkt. 1. The Indictment charged the pair with two counts—Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi) (Count One), and Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) (Count Two). The Indictment also alleged a forfeiture claim, and aiding and abetting, in violation of 18 U.S.C. § 2. Dkt. 1.

On June 18, 2025, the government filed a six-count Superseding Information charging: Possession with Intent to Distribute 40 Grams and More of a Mixture and Substance Containing Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi), (Count One); Possession with Intent to Distribute 50 Grams and More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii), (Count Two); Illegal Reentry Following Removal, in violation of 8 U.S.C. §§ 1326(a)(1) and (b)(1), (Count Three); Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), (Count Four); Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), (Count Five); and Illegal Reentry Following Removal, in violation of 8 U.S.C. § 1326(a) (Count Six). Jose Erazo was charged in Counts One through Three, and Jonathan Erazo was charged in Counts Four through Six. Both defendants have a forfeiture allegation pursuant to 21 U.S.C. § 853. Dkt. 46.

The parties signed a Rule 11(c)(1)(C) plea agreement with a jointly agreed upon sentencing range of 96-144 months' imprisonment. Dkt. 5 ("[T]he sentence to which the parties have agreed is, as follows: Between 96- and 144-months imprisonment, to be followed by 5 years of supervised release, with the standard conditions of probation, the [suspicionless search] condition listed below, and as determined by the Probation Office."). The Court accepted the guilty plea, and the matter was referred to the U.S. Probation Office for preparation of the Presentence report. Dkt. 47.

## IV. SENTENCING GUIDELINES CALCULATION

The parties agreed that the calculation for Counts One and Two of the Superseding Information is as follows: Base Offense Level (36), pursuant to U.S.S.G. §2D1.1(c)(3); Acceptance of Responsibility (-3), pursuant to U.S.S.G §3E1.1; Global Disposition (-2), pursuant to U.S.S.G. §5K2.0(a)(2)(B), for an adjusted offense level of 31. The parties also agreed that the calculation for Count Three is as follows: Base Offense Level (8), pursuant to U.S.S.G. §2L1.2(a); (+4) pursuant to U.S.S.G. §2L1.2(b)(1)(A); (+4) pursuant to U.S.S.G. §2L1.2(b)(2)(B); (-3) for Acceptance of Responsibility, pursuant to U.S.S.G §3E1.1, for an adjusted offense level of 13. Pursuant to U.S.S.G. §3D1.4(c), the parties agreed the adjusted offense level of (31) controls.

For Counts One and Two, probation determined a Base Offense Level (36), pursuant to U.S.S.G. §§2D1.1(a)(5) and (c)(2). For Count Three, Probation determined a Base Offense Level (8), pursuant to

U.S.S.G. §2L1.2(a), with a (+4) enhancement pursuant to §2L1.2(b)(1)(A) (the defendant committed the instant offense after sustaining a conviction for a felony illegal reentry offense); and a (+4) enhancement pursuant to §2L1.2(b)(2)(D) (the defendant was convicted of another felony offense).[1] Probation calculated the Combined Adjusted Offense Level as (36), with (-3) for Acceptance of Responsibility, culminating in an Adjusted Offense Level of (33).  Probation acknowledged that the parties agreed the defendant should receive a two-level departure for a group disposition pursuant to § U.S.S.G. §5K2.0(a)(2)(B), which would result in a total offense level of 31.

The government agrees the defendant is a criminal history category II (3 points), resulting in a guidelines range of 121-151 months.  *See* PSR ¶ 46.

## V.    APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

---

[1] On March 5, 2010, the defendant was convicted in Washington state court on a drug trafficking charge.  *See* PSR ¶ 42.

U.S. SENTENCING MEMO                                            4
3:24-CR-00322-TLT

## VI.     RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court impose a sentence of 144 months of imprisonment as proposed in the plea agreement and impose a five-year term of supervised release. Such a sentence would be sufficient, but not greater than necessary, given the nature and circumstances of the offense and the history and characteristics of the defendant.

The nature and circumstances of the offense warrant a sentence of 144 months. When the defendant was arrested on May 23, 2024, he was clearly prepared to deal drugs and admitted as such, *see* Plea Agreement ¶ 2. He was found with four different types of narcotics, currency, two cell phones, and clear plastic baggies—all indicia of the drug trafficking trade that has plagued San Francisco. When SFPD later executed a search warrant at the defendant's residence and stash house, they found an astonishing amount of drugs—nearly 5 pounds of fentanyl and over 3 pounds of pure methamphetamine, (and a little under half a pound of heroin). In context, a miniscule amount of that is considered a potentially lethal dose of fentanyl. *See* U.S. Drug Enforcement Administration, *Facts about Fentanyl*, DEA.gov (accessed Oct. 31, 2025), https://www.dea.gov/resources/facts-about-fentanyl.

The history and characteristics of the defendant also warrant a 144-month sentence. The defendant has had multiple prior convictions. In 2010 he was convicted of a controlled substance felony in Seattle. He was removed to Honduras. In that case, Seattle police detectives arranged a controlled drug buy between a cooperating witness (CW) and a suspect known only as "William." The CW purchased 1.6 grams of cocaine from the defendant for $100. Detectives conducted a traffic stop of the vehicle involved in the drug exchange, in which the defendant was a passenger. Detectives observed an object in the defendant's mouth and forced him to spit it out. A field test revealed the object was cocaine, with a total weight of 6.4 grams. The defendant was arrested on drug trafficking charges.

The defendant has also had additional repeated—and undeterred—contacts with law enforcement. He was arrested in 2009 (in San Francisco for a suspected narcotics offense, though no charges were filed); has been removed from the United States at least three times, and has been convicted of illegal reentry offenses three times. These multiple prior law enforcement contacts evidence a person undeterred by repeated encounters with law enforcement and admonishments from

the judicial system.

A 144-month sentence is therefore necessary to protect the public, ensure deterrence, and reflect the seriousness of the offense. A 144 month sentence is sufficient but not greater than necessary to comply with the purposes set forth in § 3553.

## VII. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court impose a sentence of 144 months' imprisonment and order a five-year term of supervised release.

DATED:  October 31, 2025                                   Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


/s/_____
SOPHIA COOPER
Assistant United States Attorney